UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| RACHELLE WATSON, on behalf of herself and others similarly situated, | : : : : : : : : : : : : : | Case No.: 4:22-cv-293<br><br>Class Action<br><br>Jury Trial Demanded |
| Plaintiff, | | |
| vs. | | |
| CAPITAL LINK MANAGEMENT, LLC, | | |
| Defendant. | | |

**CLASS ACTION COMPLAINT**

**Nature of the Action**

1. Rachelle Watson ("Plaintiff") brings this class action against Capital Link Management, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A)  to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii)  to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3. Upon information and good faith belief, Defendant routinely violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to cellular telephone numbers, in

1

connection with which it used an artificial or prerecorded voice, without prior express consent, in that Defendant repeatedly delivered artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers that do not belong to the intended recipients of Defendant's debt collection calls. *Accord Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164, 1166 (9th Cir. 2020) ("The principal question in this case is whether Credit One can escape liability under the TCPA because the party it intended to call (its customer) had given consent to be called, even though the party it actually called had not. Consistent with every circuit to have addressed this issue, we hold that this argument fails under the TCPA's text, most naturally read."); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 640 (7th Cir. 2012) ("Consent to call a given number must come from its current subscriber.").

## Jurisdiction

4.     This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where a substantial part of the events giving rise to this action occurred in this District.

6.     Defendant directed its calls and prerecorded voice messages to Plaintiff in this District, and Plaintiff received Defendant's calls and prerecorded voice messages in this District.

## Parties

7.     Plaintiff is a natural person who at all relevant times resided in St. Louis, Missouri.

8.     Defendant is a debt collection agency with its principial office in Amherst, New York.

9. Formed in 2016, Defendant touts that it "has continued to grow into a premier vendor recognized for [its] services with credit card issuers, banks, debt buyers along with other Verticals in the accounts receivables industry."[1]

10. Defendant "is a licensed debt collection agency that works with multiple creditors to help resolve past due consumer accounts."[2]

**Factual Allegations**

11. For more than five years, Plaintiff has been the subscriber to, and sole customary user of, telephone number (314) XXX-2409.

12. For more than the past five years, telephone number (314) XXX-2409 has been assigned to a cellular telephone service.

13. In an attempt to contact one or more third parties, Defendant placed calls and delivered artificial or prerecorded voice messages to telephone number (314) XXX-2409.

14. Defendant began placing calls and delivering artificial or prerecorded voice messages to telephone number (314) XXX-2409 in 2021.

15. For example, Defendant placed at least one call to telephone number (314) XXX-2409 on September 3, 2021.

16. Defendant placed its calls to telephone number (314) XXX-2409 from telephone number (833) 934-3508, among other potential telephone numbers.

17. Telephone number (833) 934-3508 is, or was, associated with Defendant.[3]

---

[1]   *See* https://capitallinkmanagement.com/about/ (last visited March 9, 2022).

[2]   *See* https://capitallinkmanagement.com/faqs/#/ (last visited March 9, 2022).

[3]   *See* https://www.nomorobo.com/lookup/833-934-3508 (last visited March 9, 2022).

18. In connection with its calls to telephone number (314) XXX-2409, Defendant delivered artificial or prerecorded voice messages.

19. For example, on September 3, 2021, Defendant delivered a prerecorded voice message to the voice mail box associated with telephone number (314) XXX-2409, which stated:

> This is an important message from Capital Link Management. Your loan was recently transferred to us for review. Please press 1 to speak to your representative. This is an attempt to collect a debt.

20. Plaintiff listened to the September 3, 2021 prerecorded voice message Defendant delivered to her cellular telephone.

21. On at least one occasion, and in response to Defendant's calls to telephone number (314) XXX-2409, Plaintiff spoke with Defendant and, during the ensuing conversation, Defendant informed Plaintiff that Defendant did not intend to reach Plaintiff and that Defendant was looking for a person named Olivia.

22. Plaintiff is not Olivia.

23. Plaintiff does not know anyone named Olivia.

24. Plaintiff did not give anyone named Olivia permission to use her cellular telephone.

25. Plaintiff did not give anyone named Olivia permission to use telephone number (314) XXX-2409.

26. Upon information and good faith belief, Defendant's records will identify each call it placed to telephone number (314) XXX-2409.

27. Upon information and good faith belief, Defendant's records will identify each prerecorded voice message it played or delivered, or attempted to play or deliver, to telephone number (314) XXX-2409.

28. Defendant did not have Plaintiff's prior express consent to place any calls to telephone number (314) XXX-2409.

4

29. Defendant did not have Plaintiff's prior express consent to deliver artificial or prerecorded voice messages to telephone number (314) XXX-2409.

30. Plaintiff never provided telephone number (314) XXX-2409 to Defendant.

31. Plaintiff never had any business relationship with Defendant.

32. Plaintiff does not have, and never had, an account in collections with Defendant.

33. Plaintiff does not, and never did, owe any money to Defendant.

34. Defendant did not place any calls to telephone number (314) XXX-2409 for emergency purposes.

35. Defendant placed its calls and delivered artificial or prerecorded voice messages to telephone number (314) XXX-2409 under its own free will.

36. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with calls it placed to telephone number (314) XXX-2409.

37. Plaintiff suffered actual harm as a result Defendant's calls and prerecorded voice messages in that she suffered an invasion of privacy, an intrusion into her life, a private nuisance, and was forced to spend time attempting to get Defendant's calls and prerecorded voice messages to stop.

38. Upon information and good faith belief, Defendant, as a matter of pattern and practice, places calls using an artificial or prerecorded voice, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

**Class Action Allegations**

39. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of herself and a class of similarly situated individuals as defined below:

> All persons and entities throughout the United States (1) to whom Capital Link Management, LLC placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who has or had an account in collections with Capital Link Management, LLC, (3) with an artificial or prerecorded voice, (4) from four years prior to the date of this class action complaint through the date of class certification.

Excluded from the class are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

40. The proposed class is so numerous that, upon information and belief, joinder of all members is impracticable.

41. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

42. The proposed class is ascertainable because it is defined by reference to objective criteria.

43. In addition, and upon information and belief, the cellular telephone numbers of all members of the class can be identified in business records maintained by Defendant and third parties, including class members.

44. Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

45. Like all members of the proposed class, Plaintiff received artificial or prerecorded voice messages from Defendant, without her consent, in violation of 47 U.S.C. § 227.

46. Like all members of the proposed class, Plaintiff received artificial or prerecorded voice calls from Defendant even though she does not, and never did, have an account in collections with Defendant.

47. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

48. Plaintiff has no interests that are contrary to or in conflict with the members of the class that she seeks to represent.

49. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

50. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

51. There will be little difficulty in the management of this action as a class action.

52. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

53. Among the issues of law and fact common to the class are:

   a. Defendant's violations of the TCPA as alleged in this class action complaint;

   b. Defendant's use of an artificial or prerecorded voice in connection with its calls;

   c. Defendant's practice of delivering artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers;

   d. Whether Defendant is liable for artificial or prerecorded voice messages it delivered to persons who did not have an account in collections with it; and

   e. the availability of statutory damages.

7

54. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)
### On behalf of Plaintiff and the class

55. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-54.

56. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, without her consent.

57. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action and designating Plaintiff as the class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to place calls by using an artificial or prerecorded voice to Plaintiff and members of the proposed class without their prior express consent, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

(c) Awarding Plaintiff and members of the class statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(d) Awarding Plaintiff and members of the class their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

(e) Awarding other and further relief as the Court may deem just and proper.

**Jury Trial Demanded**

Plaintiff hereby demands a trial by jury.

Dated: March 10, 2022

*/s/ Anthony LaCroix*
Anthony LaCroix (#60793)
LaCROIX LAW FIRM, LLC
1600 Genessee, Suite 956
Kansas City, MO  64102
(816) 399-4380
Tony@lacroixlawkc.com

Michael L. Greenwald*
GREENWALD DAVIDSON RADBIL PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, FL 33487
(561) 826-5477
mgreenwald@gdrlawfirm.com

* To seek admission *pro hac vice*

Counsel for Plaintiff and the proposed class